# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| ANDREW BECVAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| DCN HOLDINGS, INC., *doing business as* ) | |
| Accounts Receivable, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ANDREW BECVAR ("Plaintiff"), by and through his attorneys, alleges the following against Defendant, DCN HOLDINGS, INC., *doing business as* Accounts Receivable ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70, *et seq.* ("NCCAA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the Town of Huntersville, Mecklenburg County, State of North Carolina.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Plaintiff is a consumer as that term is defined by § 58-70-90(2) of the NCCAA.

12. Plaintiff allegedly owes a debt as that term is defined by § 58-70-90(3) of the NCCAA.

13. Defendant is a collection agency as that term is defined by §§ 58-70-15 and 58-70-90(1) of the NCCAA.

14. Defendant attempted to collect a consumer debt from Plaintiff.

15. Defendant is a Florida business corporation and national debt collection agency with its headquarters located in the City of Orlando, Orange County, State of Florida.

16. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. During the course of its attempts to collect debts allegedly owed to it, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

20. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

21. In or around August 2020, Defendant began its attempts to collect the alleged debt from Plaintiff.

22. In connection with its attempts to collect the alleged debt from Plaintiff, Defendant calls Plaintiff's mother at 631-747-2449.

23. Defendant calls Plaintiff from 321-710-3530, which is one of Defendant's telephone numbers.

24. In or around August 2020, Plaintiff's mother answered at least one of Defendant's collection calls.

25. During the above-referenced collection call, Defendant's collector disclosed to Plaintiff's mother that Plaintiff allegedly owes a debt.

26. Plaintiff's mother is not a co-obligor of the alleged debt.

27. Plaintiff is not a minor.

28. Plaintiff does not reside with his mother.

29. Plaintiff does not share telephone number 631-747-2449 with his mother.

30. Defendant also leaves voicemail messages for Plaintiff's mother.

31. With regard to the above-referenced voicemail messages, Plaintiff's collector who identified himself as Adam disclosed that he was calling from Accounts Receivable.

32. Defendant's acts as described above were done intentionally with the purpose of embarrassing and coercing Plaintiff to pay the alleged debt.

33. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

34. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(1) of the FDCPA by Defendant's collector calling Plaintiff's mother and leaving a voicemail message that identified that Defendant's collector was calling from Accounts Receivable;

    b. Defendant violated § 1692b(2) of the FDCPA by Defendant's collector calling Plaintiff's mother and disclosing to Plaintiff's mother that Plaintiff allegedly owes a debt;

    c. Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff's mother about the alleged debt without the exceptions of §1692b being available to it;

    d. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural

consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing misconduct alleged above, including attempting to coerce Plaintiff into paying the alleged debt by embarrassing Plaintiff in front of his mother with the disclosure that Plaintiff allegedly owes a debt;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant, at least, created the false impression on Plaintiff that it was permitted disclose that Plaintiff allegedly owes a debt to Plaintiff's mother with impunity;

f. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant, at least, created the false impression on Plaintiff that it was permitted disclose that Plaintiff allegedly owes a debt to Plaintiff's mother with impunity; and

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, ANDREW BECVAR, respectfully requests judgment be entered against Defendant, DCN HOLDINGS, INC., *doing business as* Accounts Receivable, for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

39. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## NORTH CAROLINA COLLECTION AGENCY ACT

40. Plaintiff repeats and re-alleges paragraphs 1-35 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

41. Defendant violated the North Carolina Collection Agency Act based on the following:

    a. Defendant violated § 58-70-95 of the North Carolina General Statutes by its attempt to collect any debt alleged to be due and owing from a consumer by means of any unfair threat, coercion, or attempt to coerce when Defendant attempted to coerce Plaintiff into paying the alleged debt by embarrassing Plaintiff in front of his mother with the disclosure that Plaintiff allegedly owes a debt;

    b. Defendant violated § 58-70-100 of the North Carolina General Statutes by its use of conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt when Defendant attempted to coerce Plaintiff into paying the alleged debt by embarrassing Plaintiff in front of his mother with the disclosure that Plaintiff allegedly owes a debt;

    c. Defendant violated § 58-70-105(1) of the North Carolina General Statutes by unreasonably publicizing information regarding a consumer's debt when Defendant communicated with and disclosed information regarding Plaintiff's alleged debt;

    d. Defendant violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or

misleading representation when Defendant created the false impression on Plaintiff that Defendant was permitted by law to engage in unlawful and coercive collection tactics with impunity; and

e. Defendant violated § 58-70-115 of the North Carolina General Statutes by its attempt to collect any debt by use of any unfair practices when Defendant engaged in all of the foregoing misconduct.

42. Defendant's actions constituted an unfair or deceptive acts or practices by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, ANDREW BECVAR, respectfully requests judgment be entered against Defendant, DCN HOLDINGS, INC., *doing business as* Accounts Receivable, for the following:

43. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 58-70-130;

44. Punitive damages pursuant to North Carolina General Statute § 58-70-130;

45. Costs and reasonable attorneys' fees; and

46. Any other relief that this Honorable Court deems appropriate.

                                                        Respectfully submitted,
                                                        HORMOZDI LAW FIRM, PLLC

June 03, 2021                            By: /s/ Shireen Hormozdi
                                                        Shireen Hormozdi
                                                        Hormozdi Law Firm, PLLC
                                                        North Carolina Bar No. 47432
                                                       1770 Indian Trail Road, Suite 175
                                                       Norcross, GA 30093
                                                       Tel: 678–395-7795
                                                       Cell: 678-960-9030
                                                       Fax: 866-929-2434
                                                       shireen@agrusslawfirm.com
                                                       shireen@norcrosslawfirm.com