IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ANDREW BECVAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00260-MOC-DSC |
| ) | |
| DCN HOLDINGS, INC., *doing business as* ) | |
| Accounts Receivable, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR DEFAULT JUDGMENT

NOW COMES Plaintiff, ANDREW BECVAR ("Plaintiff"), through counsel, pursuant to Fed. R. Civ. P. 55(b)(2), and moves this Court for entry of an Order of Default Judgment against Defendant, DCN HOLDINGS, INC., *doing business as* Accounts Receivable ("Defendant"), and in support thereof, states as follows:

1. On June 3, 2021, a civil action was filed seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the North Carolina Collection Agency Act ("NCCAA"), § 58-70, *et seq.* (Doc. No. 1).

2. On July 23, 2021, Defendant was served with the Complaint and Summons in a Civil Action. (Doc. No. 5).

3. Defendant failed to (1) appear and/or (2) serve upon Counsel for Plaintiff an answer or responsive pleading to Plaintiff's Complaint on or before August 13, 2021.

4. On August 16, 2021, Plaintiff filed a Request for Entry of Default against Defendant. (Doc. No. 6).

5. On August 17, 2021, the Clerk of the Court entered default against Defendant for failure to appear or otherwise respond to Plaintiff's Complaint. (Doc. No. 7).

1

6. Plaintiff's Complaint alleges the following: Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff. (Doc. No. 1, ¶ 19); Plaintiff's alleged debt arises from transactions for personal, family, and household purposes. (Doc. No. 1, ¶ 20); In or around August 2020, Defendant began its attempts to collect the alleged debt from Plaintiff. (Doc. No. 1, ¶ 21); In connection with its attempts to collect the alleged debt from Plaintiff, Defendant calls Plaintiff's mother at 631-747-2449. (Doc. No. 1, ¶ 22); Defendant calls Plaintiff from 321-710-3530, which is one of Defendant's telephone numbers. (Doc. No. 1, ¶ 23); In or around August 2020, Plaintiff's mother answered at least one of Defendant's collection calls. (Doc. No. 1, ¶ 24); During the above-referenced collection call, Defendant's collector disclosed to Plaintiff's mother that Plaintiff allegedly owes a debt. (Doc. No. 1, ¶ 25); Plaintiff's mother is not a co-obligor of the alleged debt. (Doc. No. 1, ¶ 26); Plaintiff is not a minor. (Doc. No. 1, ¶ 27); Plaintiff does not reside with his mother. (Doc. No. 1, ¶ 28); Plaintiff does not share telephone number 631-747-2449 with his mother. (Doc. No. 1, ¶ 29); Defendant also leaves voicemail messages for Plaintiff's mother. (Doc. No. 1, ¶ 30); With regard to the above-referenced voicemail messages, Plaintiff's collector who identified himself as Adam disclosed that he was calling from Accounts Receivable. (Doc. No. 1, ¶ 31); Defendant's acts as described above were done intentionally with the purpose of embarrassing and coercing Plaintiff to pay the alleged debt. (Doc. No. 1, ¶ 32); The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt. (Doc. No. 1, ¶ 33); The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff. (Doc. No. 1, ¶ 34); The natural consequences of Defendant's

statements and actions was to cause Plaintiff mental distress. (Doc. No. 1, ¶ 35).

7. Defendant's actions constitute violations of the FDCPA, specifically, sections 1692b(1), 1692b(2), 1692c(b), 1692d, 1692e, 1692e(10), and 1692f. Therefore, Plaintiff's allegations sufficiently prove Defendant violated the FDCPA.

8. Likewise, Defendant's actions violated the NCCAA, specifically, sections 58-70-95, 58-70-100, 58-70-105(1), 58-70-110, and 58-70-115. Therefore, Plaintiff's allegations sufficiently prove Defendant violated the NCCAA.

9. The allegations in Plaintiff's Complaint are admitted as a responsive pleading was required and the allegations were not denied. Fed. R. Civ. P. 8(b)(6).

10. Plaintiff is entitled to receive damages not exceeding $1,000.00 for violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A).

11. Plaintiff is entitled to receive statutory damages not exceeding $4,000.00 pursuant to the North Carolina Collection Agency Act, § 58-70-130(b).

12. Plaintiff is entitled to receive the costs of the action, together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3) and has filed a motion for Costs of the Action and Attorney's fees seeking costs in the amount of $609.75, together with a reasonable attorney's fee in the amount of 3,507.00. (Exhibit A).

WHEREFORE, Plaintiff requests the following relief:

a. An entry of an Order of Default Judgment against Defendant in the amount of $9,116.75, and

    b. Any other relief the Court may deem just and proper.

DATED: December 22, 2021

                                      Respectfully submitted,

                                   By: /s/ James J. Parr
                                       James J. Parr
                                       IL State Bar #: 6317921
                                       AGRUSS LAW FIRM, LLC
                                       4809 N. Ravenswood Ave.
                                       Suite 419
                                       Chicago, IL 60640
                                       Tel: 312-224-4695
                                       Fax: 312-253-4451
                                       james@agrusslawfirm.com
                                       Attorney for Plaintiff
                                       ***Admitted Pro Hac Vice***

## PROOF OF SERVICE

I, James J. Parr, state the following:

I am employed in Chicago, IL. I am over the age of 18 and am not a party to this action. My business address is 4809 N. Ravenswood Ave, Suite 419 Chicago, IL 60640. On December 22, 2021, I served the following documents:

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On the parties listed below:

DCN HOLDINGS, INC.,
*dba* Accounts Receivable
1806 33rd Street, Suite 180
Orlando, FL 32839

By the following means of service:

[X]  **BY MAIL:** I deposited the envelope in the mail via first class mail. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid, in the ordinary course of business.

[X]  **FEDERAL:** I declare under penalty of perjury that the above is true and correct.

Executed on December 22, 2021.

By: /s/ James J. Parr
James J. Parr