UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-260-MOC-DSC

| | |
|---|---|
| ANDREW BECVAR, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DCN HOLDINGS, INC., ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Relief from Judgment on the ground that the judgment is void due to lack of service of process. (Doc. No. 14). For the following reasons, Defendant's motion is **GRANTED.**

I. BACKGROUND

Plaintiff Andrew Becvar filed a lawsuit against Defendant DCN Holdings, Inc., alleging that Defendant intentionally contacted and disclosed Plaintiff's private information to Plaintiff's mother in its attempts to collect a consumer debt from Plaintiff. Specifically, Plaintiff alleges this conduct violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et. seq. and the North Carolina Collection Agency Act ("NCCAA"), N.C. GEN. STAT. § 58-70-95. (Doc. No. 1).

The Clerk issued the summons for service on Defendant. (Doc. No. 3). Plaintiff first attempted to serve Defendant pursuant to FLA. STAT. § 48.081(1)(a). Defendant is a business corporation with its principal address, mailing address, and registered agent address all being registered with the Florida Secretary of State as 1806 33rd Street, Suite 180, Orlando, FL 32839

1

("33rd Street Address"). (Doc. No. 18-1). Accordingly, Plaintiff hired a process server to serve Defendant with the Summons and Complaint at the 33rd Street Address. However, Plaintiff's process server was unsuccessful on two separate occasions. The process server reported that individuals at the 33rd Street Address evaded service and denied that the location was Defendant's address. (Doc. No. 18-2). Subsequently, Plaintiff's process server attempted to serve Defendant's registered agent at an alternate address, 2859 Brigata Way, Ocoee, FL 34761. However, this attempt was unsuccessful as well. (Doc. No. 18-2).

Unable to effect service on Defendant pursuant to FLA. STAT. § 48.081(1)(a), Plaintiff availed himself of one of Florida's long-arm statutes and served Defendant pursuant to FLA. STAT. § 48.181 through substituted service on Florida's Secretary of State. Relying on this substituted service, Plaintiff filed a Motion for Entry of a Clerk's Default, and the Clerk entered a default against Defendant. (Doc. Nos. 6, 7). Plaintiff then filed a Motion for Default Judgment, and this Court entered a default judgment against Defendant on January 24, 2022, for statutory damages under the FDCPA, the NCCAA, plus attorney fees and costs. (Doc. Nos. 11, 12).

Defendant now contests that valid service of process was effectuated and asks this Court for relief from the judgment on the ground that lack of service of process makes the judgement void.

## II. LEGAL STANDARDS

"Federal Rule of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988). Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time." FED. R. CIV. P. 60(c). If a petitioner satisfies this requirement, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). Lastly, when a party moves for relief from a default judgment, 60(b) is to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

### III. DISCUSSION

Federal Rule of Civil Procedure 4(h) describes the acceptable methods of service for a corporation. FED. R. CIV. P. 4(h). 4(h) requires that service be made "(A) in the manner proscribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the Summons and of the Complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the Defendant." Id. Rule 4(e)(1) permits service "following state law for serving a Summons in an action brought in courts of general jurisdiction in the state where the District Court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Defendant argues that this Court should set aside the Default Judgment because Plaintiff

3

did not effect service of process on Defendant, and therefore this Court has no personal jurisdiction over Defendant. Plaintiff responds that he properly effected service of process in accordance with Rule 4(e)(1) and followed Florida state law. Specifically, Plaintiff contends that Defendant was concealing its whereabouts or was otherwise nowhere to be found when this case was filed. Florida state law provides for substitute service in such a situation, and therefore Plaintiff properly resorted to substitute service on the Florida Secretary of State in accordance with § 48.181 after he was unable to serve Defendant directly.

However, according to Florida state law, to properly effect substituted service of process on a defendant through the Secretary of State via § 48.181, a plaintiff's complaint must provide a basis for jurisdiction pursuant to the language of § 48.181. Mecca Multimedia, Inc. v. Kurzbard, 954 So. 2d 1179, 1182 (Fla. Dist. Ct. App. 2007) ("The burden of pleading facts that support, as a matter of law, the applicability of substituted service falls on the party seeking to invoke the provisions of the long-arm statute."). If the complaint does not "allege the jurisdictional requirements prescribed by [§ 48.181]" then a plaintiff cannot properly effect substitute service on a corporation in accordance with § 48.181. Green Emerald Homes, LLC v. Fed. Nat'l Mortg. Ass'n, 224 So. 3d 799, 802 (Fla. Dist. Ct. App. 2017). In other words, Plaintiff's Complaint must allege that Defendant has concealed its whereabouts or was otherwise nowhere to be found before relying on § 48.181 for service of process.

As Defendant notes, Plaintiff's complaint did not plead a basis for jurisdiction pursuant to the language of § 48.181, nor did it provide adequate jurisdictional facts to satisfy § 48.181. Moreover, Plaintiff did not amend its complaint to allege the jurisdictional requirements required by § 48.181. Here, Plaintiff failed to plead the required statutory prerequisites to rely on the long-arm statute under § 48.181. Therefore, Plaintiff did not effect service of process

4

on Defendant. Because Plaintiff did not effect service of process on Defendant, this Court has no personal jurisdiction over Defendant, and must grant relief from the default judgment on the ground that lack of service of process makes the judgement void.

<u>The Court further finds, however, that since Defendant is on actual notice of the lawsuit, Plaintiff need not take any further actions to serve Defendant. Defendant shall file an Answer or otherwise respond to the Complaint within 30 days of entry of this Order.</u>

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Relief from Judgement, (Doc. No. 14), is **GRANTED**.

Signed: November 18, 2022

Max O. Cogburn Jr
United States District Judge